UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN ANTHONY BOYD,

        Petitioner,

v.                                CASE NO. 05-CV-70759-DT
                                  HONORABLE JOHN CORBETT O'MEARA

H. J. MARBERRY,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Stephen Anthony Boyd is an inmate at the Federal Correctional Institution in Milan, Michigan. Currently pending before the Court is Petitioner's application under 28 U.S.C. § 2241 for the writ of habeas corpus. Petitioner seeks credit against his federal sentence for time spent in a community corrections center as a pretrial detainee. The Court has concluded for reasons given below that Petitioner is not entitled to relief.

### I. Background

Petitioner was arrested on January 28, 1998, and subsequently released on bond. As a condition of pretrial release on bond, he was sent to a community corrections center or halfway house. On May 8, 1998, a jury in the United States District Court for the Western District of Missouri found Petitioner guilty of robbing a bank, conspiracy to rob a bank, and using a firearm during a crime of violence. The trial court sentenced Petitioner on August 12, 1998, to 117 months in prison, followed by three years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed Petitioner's convictions and sentence. *See United States v. Boyd*, 168 F.3d 1077 (8th Cir. 1999). The Supreme Court denied Petitioner's subsequent

petition for a writ of certiorari. *See Boyd v. United States*, 528 U.S. 851 (1999).

In 2003, Petitioner sought sentencing credit from the federal Bureau of Prisons for time spent in the community corrections center as a pre-trial detainee. The warden denied his request, and Petitioner's subsequent application to the Regional Director of the Bureau of Prisons was rejected as untimely. Petitioner did not pursue administrative remedies with the Office of General Counsel for the Bureau of Prisons.

The habeas petition was filed on February 28, 2005. Petitioner seeks sentencing credit for the time that he spent in the community corrections center after being released on pretrial bond. Respondent urges the Court to dismiss the habeas petition for failure to exhaust administrative remedies or to deny the petition for lack of merit.

## II.  Discussion

### A.  Exhaustion of Administrative Remedies

A preliminary question is whether Petitioner exhausted administrative remedies for his claims. "It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). The exhaustion requirement generally is

> required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi,* 422 U.S. 749, 765 (1975).

The Bureau of Prisons maintains an administrative remedy program through which

inmates may seek formal review of issues relating to any aspect of their confinement. Inmates must first seek informal resolution of their concerns with staff. If they are unsuccessful, they may submit a request for administrative remedy to the warden of the prison. An inmate who is dissatisfied with the warden's response may appeal to the appropriate regional director for the Bureau of Prisons. The regional director's decision may be appealed to General Counsel for the Bureau of Prisons. *See* 28 C.F.R. §§ 542.10(a) and 542.13-15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner filed an administrative complaint with his warden and with the Regional Director of the Bureau of Prisons. His appeal to the Regional Director was rejected as untimely, and he concedes that he did not pursue administrative remedies with the Office of General Counsel. He claims that he was unaware of such an office until he completed his form petition for the writ of habeas corpus.

Although Petitioner has not exhausted his administrative remedies, the Court believes that it would be a waste of time and effort for Petitioner to do so now because his claim has no merit. Consequently, the Court will excuse Petitioner's failure to exhaust administrative remedies and will proceed to address the merits of Petitioner's claim.

**B. Sentence Credit**

Petitioner seeks sentencing credit for a few months that he served in a community corrections center or halfway house while he was awaiting trial. He alleges that a magistrate judge ordered him to stay at the halfway house as a condition of bond. He argues that time spent in a halfway house should be credited against a sentence, regardless of whether the defendant

3

was confined there before or after trial, because the facility and restrictions are the same in both situations.

The Supreme Court rejected this argument in *Reno v. Koray*, 515 U.S. 50 (1995). Diya Koray was released on bond after he pleaded guilty to a federal offense. He was ordered, as a condition of bond, to be confined in a community treatment center until he could be sentenced. He remained at the community treatment center until he reported to a federal prison camp to serve his sentence.

After exhausting his administrative remedies, Koray filed a federal habeas petition, seeking credit for the time that he spent at the community treatment center. He argued that his confinement in a community treatment center constituted "official detention" because the magistrate judge's bail order was official and because the order significantly curtailed his liberty. He also argued, much like Petitioner, that his release to a community treatment center was official detention because sentenced prisoners are deemed to be in official detention when the Bureau of Prisons authorizes them to serve the last part of their sentences in a community treatment center.

The Supreme Court reviewed Koray's claim in light of the Bail Reform Act of 1984 and 18 U.S.C. § 3585(b). Section 3585(b) provides sentencing credit for time spent in official detention before the date that the sentence commences to run.[1] The Supreme Court interpreted

---

[1] Section 3585 of Title 18, United States Code, reads:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

4

the phrase "official detention" to mean time spent in the custody of the Attorney General.  The Supreme Court stated that a defendant admitted to bail on restrictive conditions, as Koray was, is considered released.  The Supreme Court concluded that credit for time spent in "official detention" under § 3585(b) was available only to those defendants who were detained in a penal or correctional facility and were subject to control by the Bureau of Prisons.  The High Court held that the time Koray spent at a community treatment center while released on bail pursuant to the Bail Reform Act of 1984 was not official detention within the meaning of § 3585(b) and, therefore, he was not entitled to credit against his sentence of imprisonment.

### III.  Conclusion

Petitioner was released on bond subject to the condition that he report to a community corrections center.  Like Koray, he was not in "official detention" for purposes of § 3585(b).  Therefore, he is not entitled to sentencing credit for the time that he spent in a halfway house as a

---

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

pretrial detainee, and his application for the writ of habeas corpus [Doc. #1, Feb. 28, 2005] is

**DENIED**.


Dated: June 01, 2005						s/JOHN CORBETT O'MEARA
								UNITED STATES DISTRICT JUDGE